**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 15-2121**

─────────────

SHELLEY C. WHITE, JR.; CARL BOUIE,

        Plaintiffs - Appellants,

   and

JAMES SPEARMAN, JR.; FLOYD CARSON, JR.,

        Plaintiffs,

     v.

CITY OF ANNAPOLIS, MARYLAND,

        Defendant - Appellee.

─────────────

**No. 15-2124**

─────────────

JAMES SPEARMAN, JR.,

        Plaintiff - Appellant,

   and

SHELLEY C. WHITE, JR.; CARL BOUIE; FLOYD CARSON, JR.,

        Plaintiffs,

     v.

CITY OF ANNAPOLIS, MARYLAND,

        Defendant - Appellee.

─────────────

Appeals from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, Senior District Judge. (1:13-cv-01330-JFM)

Submitted: April 29, 2016                    Decided: May 12, 2016

Before SHEDD and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Neil E. Duke, OBER, KALER, GRIMES & SHRIVER, Baltimore, Maryland, for Appellants White and Bouie. James Spearman, Jr., Appellant Pro Se. Gary M. Elson, Assistant City Attorney, Annapolis, Maryland, Devin John Doolan, Jr., SAUL EWING, LLP, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Plaintiffs Shelley C. White, Jr., Carl Bouie, and James Spearman, Jr.,[*] challenge the district court's order granting the City of Annapolis, Maryland ("the City"), summary judgment on Plaintiffs' discrimination, harassment and retaliation claims, brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 (2012). Finding no reversible error, we affirm the district court's order.

The district court granted the City summary judgment on White's and Bouie's claims because either they failed to exhaust their claims, or they failed to establish all of the elements necessary to make out prima facie cases for their claims. In Appeal No. 15-2121, White and Bouie only raise general challenges to the district court's determinative holdings. These general challenges are insufficient to bring before this court the correctness of the district court's holdings. See, e.g., Eriline Co. S.A. v. Johnson, 440 F.3d 648, 653 n.7 (4th Cir. 2006) (holding that a single sentence in an opening brief asserting a district court's alleged error "is insufficient to raise on appeal any merits-based challenge to the district

---

[*] A fourth Plaintiff, Floyd Carson, Jr., has not appealed the dismissal of his claims.

3

court's ruling"). White's and Bouie's failure to challenge the district court's dispositive holdings on appeal amounts to a waiver of appellate review over the district court's holdings. See United States v. Al-Hamdi, 356 F.3d 564, 571 n.8 (4th Cir. 2004) ("It is a well settled rule that contentions not raised in the argument section of the opening brief are abandoned."); Canady v. Crestar Mortg. Corp., 109 F.3d 969, 973-74 (4th Cir. 1997) (holding that issues not briefed are waived).

In Appeal No. 15-2124, Spearman proceeds pro se. We thus afford his informal brief a liberal construction. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (holding that a pro se litigant's pleadings should be construed liberally to avoid inequity). Although we have considered Spearman's arguments and have reviewed the district court record, we discern no reversible error in the district court's decision to grant the City summary judgment on Spearman's claims.

Based on the foregoing, we affirm the district court's order granting the City summary judgment on Plaintiffs' claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4